UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUXOTTICA GROUP S.P.A., <br><br> Plaintiff, <br> v. <br><br> VEGAS FOTO, INC., et al., <br><br> Defendants. | Case No. 2:16-cv-02608-JCM-PAL <br><br> **REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on defendant Vegas Foto, Inc.'s failure to comply with this court's Order (ECF No. 25) and Order to Show Cause (ECF No. 27).

On March 17, 2017, the court entered an Order (ECF No. 25) requiring defendants Doran Mashal and Shirah Mashal to either retain substitute counsel who should make an appearance in accordance with the Local Rules of Practice, or to file a notice with the court that they would be appearing in this matter pro se no later than April 17, 2017. The order also required corporate defendant Vegas Foto, Inc. to retain substitute counsel who should make an appearance in accordance with the Local Rules of Practice no later than April 17, 2017, as a corporation cannot appear except through counsel. *Rowland v. California Men's Colony*, 506 U.S., 194, 201-02 (1993); *Reading Int'l, Inc. v. Malulani Grp., Ltd.,* 814 F.3d 1046, 4053 (9th Cir. 2016). The order further advised defendants that their failure to timely comply with the court's order may result in the imposition of sanctions, including default judgment.

On April 17, 2017 the parties filed a Joint Interim Status Report (ECF No 26) electronically signed by Doran Mashal "c/o Zohar Ben-Ray, CPA Vegas Foto, Inc., Doran & Shirah Mashal… defendants, pro se." The court construed this as a statement that the individual defendants would be appearing pro se. However, as the court's prior order advised, a corporation may not appear in

1

federal court except through counsel, and Vegas Foto, Inc. had failed to comply with the court's order, and had not requested an extension of time to do so.

On May 4, 2017, the court entered an Order to Show Cause (ECF No. 27) because corporate defendant Vegas Foto, Inc. failed to comply with the court's Order (ECF No. 25). The court directed defendant Vegas Foto, Inc. to show cause in writing no later than May 23, 2017, why sanctions should not be imposed for its failure to obtain counsel. The order advised that retaining counsel on or before May 23, 2017, would satisfy the court that sanctions were not warranted, and no further response to this order to show cause would be required. The order also warned defendant Vegas Foto, Inc. that its failure to timely comply with this order to show cause would result in the recommendation to the district judge that default judgment be entered against it. To date, Vegas Foto, Inc. has not retained counsel, has not filed a response to this court's Order to Show Cause (ECF No. 27), and has not requested an extension of time in which to do so.

The Ninth Circuit has held that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation. *United States v. High Country Broadcasting*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Accordingly,

**IT IS RECOMMENDED** that default judgment be entered against Vegas Foto Inc. for its failure to timely comply with this court's order and order to show cause to retain counsel.

DATED this 2nd day of June, 2017.

                                           PEGGY A. LEEN
                                           UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local

Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.