UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUXOTTICA GROUP S.P.A,, <br> Plaintiff(s), <br> v. <br> VEGAS FOTO, INC., et al., <br> Defendant(s). | Case No. 2:16-CV-2608 JCM (PAL) <br> ORDER |

Presently before the court is Magistrate Judge Leen's report and recommendation ("R&R"). (ECF No. 28). No objections have been filed, and the deadline for filing objections has since passed.

On March 17, 2017, the magistrate judge granted defense counsel's motion to withdraw as attorney (ECF No. 23). (ECF No. 25). In that order, the magistrate judge ordered defendants Doron Mashal and Shirah Mashal ("the Mashals") to either obtain substitute counsel or file a notice with the court that they would be appearing in the matter *pro se* by no later than April 17, 2017. (ECF No. 25). The magistrate judge further ordered that defendant Vegas Foto, Inc. to retain substitute counsel by no later than April 17, 2017. (ECF No. 25). The magistrate judge cautioned that failure to timely comply with the order may result in sanctions, including default judgment. (ECF No. 25).

On April 17, 2017, the parties filed a joint interim status report (ECF No. 26) electronically signed by Doran Mashal "c/o Zohar Ben-Ray, CPA Vegas Foto, Inc. Doran & Shirah Mashal . . . defendants, pro se." (ECF No. 26). The magistrate judge construed the signature as a statement that the individual defendants would be appearing *pro se*.

**James C. Mahan**
**U.S. District Judge**

On May 4, 2017, the magistrate judge ordered defendant Vegas Foto, Inc. to show cause in writing, by May 23, 2017, as to why sanctions should not be imposed for its failure to retain substitute counsel. (ECF No. 27).

On June 2, 2017, the magistrate judge entered a R&R recommending that default judgment be entered against defendant Vegas Foto, Inc. for its failure to timely comply with the court's order (ECF No. 25) and order to show cause (ECF No. 27) to retain counsel. (ECF No. 28).

To date, defendant Vegas Foto, Inc. has yet to file a notice of appearance by substitute counsel, a response to the order to show cause, or an objection to the R&R.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge.

A corporation is not permitted to appear in federal court unless it is represented by counsel. *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Although a non-attorney may appear on his own behalf to represent himself, that privilege is personal to him. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). An individual has no authority to appear as an attorney for anyone other than himself. *Id.*

1 | While the Mashals, as individuals, may appear in federal court *pro se,* defendant Vegas Foto, Inc., as a corporation, must be represented by counsel. Defendant Vegas Foto, Inc. has been given ample opportunity to retain substitute counsel and has been cautioned as to the consequences of its failure to timely comply. Notwithstanding, defendant Vegas Foto, Inc. has elected not to comply with the court's orders (ECF Nos. 25, 27).

Upon reviewing the recommendation and underlying filings, the court finds that good cause appears to adopt, in part, the magistrate judge's recommendation (ECF No. 28). In particular, the court finds that entry of default, rather than default judgment, against defendant Vegas Foto, Inc. is an appropriate sanction for its noncompliance with the court's orders (ECF Nos. 25, 27) to retain substitute counsel.[1]

In light of the foregoing, the court will strike defendants' answer (ECF No. 10) insofar as it relates to defendant Vegas Foto, Inc. and instruct the clerk to enter default against defendant Vegas Foto, Inc.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Leen's report and recommendation (ECF No. 28) be, and the same hereby is, ADOPTED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that defendants' answer (ECF No. 10), as it relates to defendant Vegas Foto, Inc., be, and the same hereby is, STRICKEN.

IT IS FURTHER ORDERED that the clerk shall enter default against defendant Vegas Foto, Inc.

DATED July 7, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

**James C. Mahan**
**U.S. District Judge**